**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24145-LEIBOWITZ**

**RIGO JHOEL CONTRERAS ORTEGA**,

      *Petitioner,*

*v.*

**U.S. IMMIGRATION AND**
**CUSTOMS ENFORCEMENT,**

      *Respondent.*

_____/

## ORDER DENYING MOTION TO DISMISS OR TRANSFER ACTION

**THIS CAUSE** comes before the Court on Respondent's Motion to Dismiss or Transfer Action (the "Motion") [ECF No. 4], filed on June 15, 2026.  Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") challenging his immigration detention at the Krome Service Processing Center ("Krome") in Miami, Florida.  [ECF No. 1 ¶¶ 2, 5].  In the Motion, Respondent requests that the Petition be dismissed or transferred to the Western District of Texas, where Petitioner is currently detained.  [*Id.* at 2].  For the following reasons, the Motion is denied.

It is well-settled that habeas "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement.").  Jurisdiction attaches on the initial filing of a habeas petition.  *See Rumsfeld*, 542 U.S. at 441; *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *Santillanes v. United States Parole Commission*, 754 F.2d 887, 888 (10th Cir. 1985).

Here, Petitioner filed the Petition on June 5, 2026.[1]  On that date, Petitioner was detained at Krome in Miami, Florida.  [*See* ECF No. 4-1 at 1; *see also* ECF No. 1 ¶ 2].  Respondent argues that this Court lacks jurisdiction over the Petition because, on June 10, 2026, Petitioner was transferred to an immigration detention facility in El Paso, Texas.[2]  [ECF No. 4 at 1].  However, jurisdiction attaches on the initial filing for habeas relief and is not destroyed by a subsequent transfer and custodial change.  *See Rumsfeld*, 542 U.S. at 441; *Lee,* 244 F.3d at 375 n.5; *Santillanes*, 754 F.2d at 888.  Because Petitioner was detained within the Southern District of Florida on the initial filing for habeas relief, this Court has jurisdiction to adjudicate the instant Petition.  [*See* ECF No. 4-1 at 1; *see also* ECF No. 1 ¶ 2].

Accordingly, it is **ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss or Transfer Action [**ECF No. 4**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 22, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

---

[1]    "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  Although the Eleventh Circuit has not specifically held that the prison mailbox rule applies to immigration detainees, it has explained that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally."  *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up); *see also Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) ("[T]he prison mailbox rule applies to *pro se* detainees in immigration proceedings.").  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).  Because there is no evidence to the contrary, the Court assumes that Petitioner delivered the Petition to Krome authorities on June 5, 2026, the date Petitioner signed the Petition.  [*See* ECF No. 1 at 9].

[2]    Respondent suggests that the Petition was filed on June 12, 2026—the date that the Petition was docketed.

2

cc:     counsel of record

       Rigo Jhoel Contreras Ortega, *Pro Se*
       A# 241359853
       ERO El Paso Camp East Montana
       Inmate Mail/Parcels
       6920 Digital Road
       El Paso, TX 79936