**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24145-LEIBOWITZ**

**RIGO JHOEL CONTRERAS ORTEGA**,

*Petitioner,*

*v.*

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**,

*Respondent.*
_______________________________________/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT**

**THIS CAUSE** comes before the Court on Respondent's Notice of Filing (the "Notice") [ECF No. 10], filed on September 22, 2026. Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his immigration detention at the Krome Service Processing Center in Miami, Florida and seeking a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release from detention. [*See* ECF No. 1 ¶¶ 2, 5, 13, 15]. In the Notice, Respondent states that Petitioner was released from ICE custody on August 2, 2026. [ECF No. 10 at 1; ECF No. 10-1 at 1]. Upon consideration of the Notice, the Petition, and the record, the Court finds that the Petition has been rendered moot by Petitioner's release and is therefore due to be dismissed.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot

and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States …" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made when the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release from detention or a bond hearing, his case becomes moot, and the court loses jurisdiction, once he is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered his Petition moot. Petitioner sought release from custody. [ECF No. 1 ¶ 15]. Because he has now been released, the Court cannot grant such relief, and a case or controversy no longer exists. *See Djadju*, 32 F.4th at 1107 ("Djadju has asked the federal courts for only one form of relief: to be immediately released from custody as a result of his 'ongoing prolonged detention.' Since Djadju already has been released from custody, his prayer for relief has been satisfied."). Furthermore, no exception to the mootness doctrine exists because there is no indication that Petitioner will be returned to ICE custody in the future. *See id.* at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit"); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED AS MOOT**.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on September 28, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record